## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF NEW MEXICO

**RANDY CUMMINGS, CRUZ GALLEGOS,
ROBERT J. GARCIA, RICHARD GONZALES,
ELOY A. JARAMILLO, DAVID LARRANAGA,
JOSEPH LOPEZ, RICK LOPEZ, DAVID
MONTANO, ANGELO RINALDI, CHRIS
SWEENEY, JOSH TILLINGHAST, TOMAS
TRUJILLO, JEFFREY S. WADE, JOSHUA
HOSELTON, CHARLES W. LEES, JAIME
MARQUEZ, ROBERT MENDOZA,
ARMANDO ANCHONDO, GUSTAVO
BERROSPE, REYES CABRIALES, SERGIO
ESCOBEDO, JASON HEAD, NICK HINOJOS,
ROBERT G. HITZMAN, MICHAEL LOPEZ,
JOSE RODRIGUEZ, SERGIO A. ROJO,
RICHARD TENORIO, CESAR TORRES,
GRANT WILLIS, HAROLD BROWN, RENE
CARRILLO, HENRY NEZ, JR., KURT
JOHNSON, JESUS AGUILAR-MURILLO,
MARTIN F. ALVAREZ, ARTHUR ARCHULETA,
ENRIQUE CORONA, RONALD HUBBARD,
ANDREW M. LUGO, HENRY LUJAN,
DAVID CARR, D. JEREMIAH CORDOVA,
KEVIN CHARVEA, NATHAN ESPALIN,
LEVI GUTIERREZ, DENNIS MOORE,
ROBERT MORENO, LEVI OLIVAS, THOMAS D.
PAYNE, and BRYAN WHEELER,** on behalf of
themselves and all others similarly situated,

                **Plaintiffs,**

**v.**                                      **Case No. 16-CV-951**
                                           **JURY TRIAL DEMANDED**

**CELINA BUSSEY, SECRETARY OF THE
NEW MEXICO DEPARTMENT OF WORKFORCE
SOLUTIONS, and JASON DEAN, as the DIRECTOR OF
THE LABOR RELATIONS DIVISION OF THE NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS,** in
their individual capacities,

                **Defendant.**

## COMPLAINT FOR VIOLATION OF PROCEDURAL AND SUBSTANTIVE PROCEDURAL DUE PROCESS RIGHTS UNDER 42 U.S.C. §1983

**COME NOW** Plaintiffs Randy Cummings, Cruz Gallegos, Robert J. Garcia, Richard Gonzales, Eloy A. Jaramillo, David Larranaga, Joseph Lopez, Rick Lopez, David Montano, Angelo Rinaldi, Chris Sweeney, Josh Tillinghast, Tomas Trujillo, Jeffrey S. Wade, Joshua Hoselton, Charles W. Lees, Jaime Marquez, Robert Mendoza, Armando Anchondo, Gustavo Berrospe, Reyes Cabriales, Sergio Escobedo, Jason Head, Nick Hinojos, Robert G. Hitzman, Michael Lopez, Jose Rodriguez, Sergio A. Rojo, Richard Tenorio, Cesar Torres, Grant Willis, Harold Brown, Rene Carrillo, Henry Nez, Jr., Kurt Johnson, Jesus Aguilar-Murillo, Martin F. Alvarez, Arthur Archuleta, Enrique Corona, Ronald Hubbard, Andrew M. Lugo, Henry Lujan, David Carr, D. Jeremiah Cordova, Kevin Charvea, Nathan Espalin, Levi Gutierrez, Dennis Moore, Robert Moreno, Levi Olivas, Thomas Payne, and Bryan Wheeler, individually and on behalf of one or more Classes of all those similarly situated, by and through their counsel of record, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice and James Montalbano), and bring this action under 42 U.S.C. §1983 for damages arising from Defendant's failure to determine the prevailing wage for construction projects covered by the New Mexico Public Works Minimum Wage Act, NMSA 1978 §13-4-10, *et seq.*  Plaintiffs demand a trial by jury, and allege as follows:

## I.     PARTIES

1.      Plaintiffs Randy Cummings, Cruz Gallegos, Robert J. Garcia, Richard Gonzales, Eloy A. Jaramillo, David Larranaga, Joseph Lopez, Rick Lopez, David Montano, Angelo Rinaldi, Chris Sweeney, Josh Tillinghast, Tomas Trujillo, and Jeffrey S. Wade are electricians and members of the International Brotherhood of Electrical Workers, Local 611, who performed work on government public works projects that fall under the New Mexico Public Works

Minimum Wage Act between three years prior to the date of the filing of this lawsuit and September 23, 2015

2.      Plaintiffs Joshua Hoselton, Charles W. Lees, Jaime Marquez, and Robert Mendoza are sheet metal, air, rail, and transportation workers and members of Sheet Metal Workers Local 49, who performed work on government public works projects that fall under the New Mexico Public Works Minimum Wage Act between three years prior to the date of the filing of this lawsuit and the present.

3.      Plaintiffs Armando Anchondo, Gustavo Berrospe, Reyes Cabriales, Sergio Escobedo, Jason Head, Nick Hinojos, Robert G. Hitzman, Michael Lopez, Jose Rodriguez, Sergio A. Rojo, Richard Tenorio, Cesar Torres, and Grant Willis are heat and frost insulators and members of the International Association of Heat and Frost Insulators and Allied Workers, Local 76, who performed work on government public works projects that fall under the New Mexico Public Works Minimum Wage Act between three years prior to the date of the filing of this lawsuit and the present.

4.      Plaintiffs Harold Brown, Rene Carrillo, Henry Nez, Jr., and Kurt Johnson are painters and glaziers and members of the International Union of Painters and Allied Trades, Local 823, who performed work on government public works projects that fall under the New Mexico Public Works Minimum Wage Act between three years prior to the date of the filing of this lawsuit and the present.

5.      Plaintiffs Jesus Aguilar-Murillo, Martin F. Alvarez, Arthur Archuleta, Enrique Corona, Ronald Hubbard, Andrew M. Lugo, and Henry Lujan are plasterers and cement masons and members of the Operative Plasterers' and Cement Masons' International Association, Local 254, who performed work on government public works projects that fall under the New Mexico

Public Works Minimum Wage Act between three years prior to the date of the filing of this lawsuit and the present.

6.     Plaintiffs David Carr and D. Jeremiah Cordova are sprinkler fitters and members of Road UA Local 669 Road Sprinkler Fitters, who performed work on government public works projects that fall under the New Mexico Public Works Minimum Wage Act between three years prior to the date of the filing of this lawsuit and the present.

7.     Plaintiffs Kevin Charvea, Nathan Espalin, Levi Gutierrez, Dennis Moore, Robert Moreno, Levi Olivas, Thomas Payne, and Bryan Wheeler are plumbers and pipefitters and members of United Association of Plumbers and Pipefitters Local 412, who performed work on government public works projects that fall under the New Mexico Public Works Minimum Wage Act between three years prior to the date of the filing of this lawsuit and the present.

8.     Plaintiffs bring this action pursuant to 42 U.S.C. §1983 individually and on behalf of one or more Classes of all those similarly situated who have been denied the right to earn the prevailing wage as defined in the New Mexico Public Works Minimum Wage Act.

9.     Defendant Celina Bussey ("Defendant Bussey") is the Secretary of the New Mexico Department of Workforce Solutions.  Defendant Bussey is being sued in her individual capacity.

10.     Defendant Jason Dean ("Defendant Dean") is the Director of the Labor Relations Division of the New Mexico Department of Workforce Solutions ("Labor Relations Division"). Defendant Dean is being sued in his individual capacity.

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because all of the events giving rise to this action occurred within the state of New Mexico and all of the Defendants may be found there.

## II.     GENERAL ALLEGATIONS

13.     Every Contract in the State of New Mexico for construction, alteration, demolition, or repair of public buildings, public works, or public roads in excess of $60,000 to which the State or any political subdivision of the State is a party is required to contain a provision stating the minimum wages and fringe benefits for all trades which perform work on the project.

14.     Defendant Dean, as Director of the Labor Relations Division of the New Mexico Department of Workforce Solutions, must determine the minimum wages and fringe benefits for laborers and mechanics for each Contract in accordance with the New Mexico Public Works Minimum Wage Act.  NMSA 1978, § 13-4-11(B) (2005).

15.     Prior to July 1, 2009, the New Mexico Public Works Minimum Wage Act required the Labor Relations Division to issue prevailing wage determinations by

> [E]ncourage[ing] the voluntary submission of wage-rate data by contractors, contractors' associations, labor organizations, interested persons and public officers. Before making a determination of wage rates for any project, the director [must] give due regard to the information thus obtained.

NMSA 1978, § 13-4-11(B) (2005).

16.     On July 1, 2009, the New Mexico Public Works Minimum Wage Act was amended to require the Director to:

> determine prevailing wage rates and prevailing fringe benefit rates for respective classes of laborers and mechanics employed on public works projects at the same wage rates and fringe benefit rates used in [CBAs] between labor organizations and their signatory employers that govern predominantly similar classes or

classifications of laborers and mechanics for the locality of the public works
project and the crafts involved.

NMSA 1978, § 13-4-11(B) (2009).

17.     Contractors, subcontractors, and employers on public works projects are then
required to pay all mechanics and laborers employed to perform work on a project according to
the determination of minimum wages and fringe benefits made by Defendant Dean for that
project.

18.     The New Mexico Public Works Minimum Wage Act creates and grants all
mechanics and laborers a property right in receiving the prevailing wage for the work they
perform under public works contracts.

19.     Despite the mandate from the New Mexico Legislature, from December 31, 2009,
to the present, the Department of Workforce Solutions and the Labor Relations Division failed to
comply with the New Mexico Public Works Minimum Wage Act requirement to determine
prevailing wage rates and prevailing fringe benefits according to the rates used in CBAs between
labor organizations and their signatory employers that govern predominantly similar classes or
classifications of laborers and mechanics for the locality of the public works project and the
crafts involved.

20.     In fact, from December 31, 2009, all prevailing wage determinations issued by the
Labor Relations Division for every Contract subject to the New Mexico Public Works Minimum
Wage Act from January 1, 2009, until sometime in 2015, were issued according to prevailing
wage rates that had been determined in 2009.

21.     All of the prevailing wage and prevailing benefits determinations issued between
January 1, 2009, and the present are lower than they would have been if they had been issued in

6

accordance with the New Mexico Public Works Minimum Wage Act as amended by the New Mexico Legislature on July 1, 2009.

22.     As a result of Defendants' failure to determine prevailing wage rates and prevailing fringe benefits in accordance with the New Mexico Public Works Minimum Wage Act, all Contracts subject to the New Mexico Public Works Minimum Wage Act that were entered into between December 31, 2009, and the present had guarantees of minimum wages that were lower than required by the New Mexico Public Works Minimum Wage Act.

23.     The wages and fringe benefits received by Plaintiffs and putative class members for work performed on New Mexico Public Works Projects between December 31, 2009, and the present were less than would have been received had Defendants issued prevailing wage rate and prevailing fringe benefit determinations in accordance with the New Mexico Public Works Minimum Wage Act as amended in 2009.

### III.     CLASS ACTION ALLEGATIONS

24.     Plaintiffs Randy Cummings, Joshua Hoselton, Gustavo Berrospe, Kurt Johnson, and Jesus Aguilar-Murillo bring this action under Fed. R. Civ. P. Rule 23(a) & (b)(3) on behalf of themselves and the following class of similarly situated persons, some of whom have also joined this suit:

> Those Plaintiffs who were employed as mechanics and/or laborers on any Public Works Project for which the Defendants issued a prevailing wage rate and/or prevailing fringe benefit determination between December 31, 2009, and the present and who received at least one paycheck in compensation for work performed within three (3) years prior to the filing of this lawsuit on any Public Works Project for which the Defendants issued a prevailing wage rate and/or prevailing fringe benefit determination between December 31, 2009, and the present.

25.     Excluded from the proposed Class are any judge to whom this matter may be assigned and any members of his or her staff.

7

26.     On information and belief, the members of this Class number at least ten thousand (10,000) and are geographically diverse, such that joinder of all of the individual class members is impracticable.  The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records and/or through the records of certain third parties.

27.     The claims of the Named Plaintiffs are typical of the other members of the Class. The claims of Plaintiffs and the other members of the Class are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the named Plaintiffs and to all of the other Class members.

28.     The Class has a well-defined community of interest.  Defendant has acted and failed to act on grounds generally applicable to the Named Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members.

29.     All questions of law are common to the claims of the Named Plaintiffs and the other members of the Class, and those questions of law predominate over any questions that may affect individual Class members.

30.     There are many questions of fact common to the claims of the Named Plaintiffs and the other members of the Class, and those questions of fact predominate over all questions that may affect individual Class members.

31.     Common questions of law and fact affecting members of the Class include, but are not limited to:

        a.     Whether Defendants' conduct deprived Class members of a property right without due process of law;

b.      Whether Defendants' conduct was willful, wanton, and in reckless disregard of the rights of the Class members; and

c.      Whether Class members are entitled to damages from Defendants;

32.     Absent a class action, most Class members would find the cost of litigating their claims to be prohibitive, and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

33.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiffs have retained counsel with substantial experience prosecuting complex litigation, class actions, and claims under §1983.

34.     Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other Class members, and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interest averse to those of the other Class members.

**IV.     COUNT I – VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS**

35.     Plaintiffs incorporate all preceding allegations as if fully set forth hereon.

36.     The Plaintiffs and the members of the putative class are and were third party beneficiaries of all public works contracts in the State of New Mexico and were entitled to receive the prevailing wage as determined under the procedures set forth in the New Mexico Minimum Wage Act.

37.     The Plaintiffs and the putative class members had a property interest in receiving the prevailing wage as determined under the procedures set forth in the New Mexico Minimum Wage Act which is protected by the Fourteenth Amendment to the United States Constitution.

9

38.     The New Mexico Minimum Wage Act was intended to benefit the Plaintiffs and putative class members and created a binding obligation on the Defendants to determine the prevailing wages that would be paid to mechanics and laborers performing work on public works contracts.

39.     The Plaintiffs and the putative class members did not receive the prevailing wage for the work they performed under public works contracts entered into between December 31, 2009, and the present as determined under the procedures set forth in the New Mexico Minimum Wage Act as a proximate result of the Defendants' failure and refusal to issue prevailing wage determinations.

40.     The interest of the Plaintiffs and putative class members in receiving prevailing wages for work performed on public works projects under contracts valued at more than $60,000 is clearly defined, and is not so vague and amorphous as to be beyond the competence of the judiciary to enforce.

41.     The Defendant had time to deliberate whether their failure to issue prevailing wage determinations as required by law violated the Plaintiffs' and putative class members' rights.

42.     The Defendants' acted with deliberate indifference to the rights of the Plaintiffs and putative class members when they failed and refused to issue wage determinations under the procedures set forth in the New Mexico Minimum Wage Act between December 31, 2009.

43.     The Defendant's failure and refusal to issue wage determinations under the New Mexico Minimum Wage Act and their failure to comply with their mandated statutory duties was deliberate, arbitrary and capricious, and unrestrained by established principles of private right and distributive justice.

10

44.     The Defendant's actions and omissions proximately caused the Plaintiffs and putative class members to suffer damages in the form of lost wages and benefits for which they are entitled to an award of compensatory damages in an amount to be determined by the finder of fact.

45.     The Defendants' actions and omissions were intentional, willful, wanton and in reckless disregard of the Plaintiff's rights and entitle the Plaintiffs to an award of punitive damages in an amount to be determined by the finder of fact.

V.     **COUNT II – VIOLATION OF PREOCEDURAL DUE PROCESS RIGHTS**

46.     Plaintiffs incorporate by reference all preceding allegations as fully set forth herein.

47.     Plaintiffs and the putative class members have a protected property interest in and a legitimate claim of entitlement to receiving a prevailing wage under the New Mexico Minimum Wage Act and public works contracts in the State of New Mexico which are valued at more than $60,000.

48.      The Defendants' actions and omissions in refusing and failing to issue wage determination under and as required by the New Mexico Minimum Wage Act between December 31, 2009, and the present form the basis of this claim of the violation of Plaintiffs' procedural due process rights.

49.     The New Mexico Minimum Wage Act imposed a mandatory, non-discretionary duty on the Defendants to issue prevailing wage determinations for public works contracts valued at more than $60,000 pursuant to a defined procedure.

50.      The Plaintiff and putative class members were entitled to have the Defendants follow this procedure and were the intended beneficiaries of these procedures.

51.     The Defendants' failure and refusal to comply with and follow this procedure proximately caused the Plaintiffs and putative class members to suffer damages in the form of lost wages for which they are entitled to an award of compensatory damages in an amount to be determined by the finder of fact.

52.      The Defendants' actions and omissions were intentional, willful, wanton and in reckless disregard of the Plaintiff's rights and entitle the Plaintiff's to an award of punitive damages in an amount to be determined by the finder of fact.

## VI.     JURY DEMAND

53.     This case should be heard before a jury.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a.     The Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) & (b)(3);

b.     This case be tried before a jury;

c.     The Court award Plaintiffs compensatory damages;

d.     The Court award Plaintiffs liquidated damages as permitted by law;

e.     The Court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law;

f.     The Court award Plaintiffs and the class members costs and attorneys' fees allowed under applicable law;

g.     The Court award Plaintiffs such other and further relief as may be necessary and appropriate.


Dated: August 23, 2016                    Respectfully submitted,

                                                          **YOUTZ & VALDEZ, P.C.**

_____/s/ James A. Montalbano_____
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200 – Telephone
(505) 244-9700 – Fax

*Attorneys for Plaintiffs*